VIRGINIA:

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

FARID A. ZURMATI, D.D.S.,                              )
                                                       )
                              Plaintiff,               )
                                                       )
v.                                                     )   Civil Action,
                                                       )   File Number: _1:08CV277_
WILLIAM C. GARRETT                                     )
In his individual capacity and in his official         )   **_PLAINTIFF DEMANDS_** _LOG/JFA_
capacity as Assistant Attorney General,                )   **_TRIAL BY JURY_**
                                                       )
HOWARD M. CASWAY                                       )
In his official capacity as Assistant                  )
Attorney General,                                      )
                                                       )
DR. PAUL N. ZIMMET                                     )
In his individual capacity and in his official capacity)
as President of the Virginia Board of Dentistry,       )
                                                       )
DR. HOWARD SEIGEL                                      )
In his official capacity as member and Chair           )
of the Virginia Board of Dentistry,                    )
                                                       )
JACQUELINE G. PACE                                     )
In her official capacity as member of the              )
Virginia Board of Dentistry,                           )
                                                       )
SANDRA K. REEN                                         )
In her official capacity as Executive Director         )
of the Virginia Board of Dentistry,                    )
                                                       )
JAMES L. BANNING                                       )
In his official capacity as Director of                )
Administrative Proceedings Division,                   )
Department of Health Professions,                      )
                                                       )
                              Defendants.               )
_____      )

## VERIFIED COMPLAINT

Comes now Plaintiff, Dr. Farid A. Zurmati ("Dr. Zurmati"), by and through counsel, and for his complaint against Defendants states the following:

### INTRODUCTION

1.      Dr. Zurmati brings this action to secure permanent injunctive relief, money damages, and other equitable relief against Defendants who, under color of state law, denied the rights guaranteed to Dr. Zurmati by the Constitution of the United States.

2.      Dr. Zurmati has been licensed to practice dentistry in the Commonwealth of Virginia since 1999.  He founded Kingstowne and Family Dentistry ("Kingstowne") in 2003, and the business thrived, in large part because his patients were very pleased with his work, and continued to come back to him.  Until the events alleged in this Complaint took place, he enjoyed an unblemished professional record.

3.      In early September, 2004, a disgruntled employee of Dr. Zurmati left his dental practice with no notice, and immediately went to work for the Vice President of the Board of Dentistry ("Board").  Upon information and belief, she did so with the express intention of harming Dr. Zurmati.

4.      She filed a complaint against Dr. Zurmati with the Board of Dentistry, making numerous scurrilous and baseless allegations against Dr. Zurmati, not one of which concerned his ability to practice dentistry.  Every one of these allegations was eventually dismissed.

5.      Over nearly two years of investigation and hearings, Defendants engaged in a campaign of intimidation, coercion and harassment against Dr. Zurmati, aimed specifically at denying him a fair, unbiased hearing on the merits of his case.  The Office of the Attorney General (OAG), who represents the Virginia Board of Dentistry ("Board") in administrative

cases, went after Dr. Zurmati with a ferociousness that was never justified by the evidence – or even the allegations – against him. As more fully developed below, Defendants' misconduct included using documents stolen from Dr. Zurmati's office against him; intervening in a private civil matter between Dr. Zurmati and his former employee; improperly attempting to influence a witness against Dr. Zurmati; denying Dr. Zurmati the opportunity to fully cross-examine witnesses against him; serving a witness subpoena on Dr. Zurmati's wife as a means of intimidation; attempting to enforce an expired order; and serving a document subpoena on Dr. Zurmati's employer as a further means of intimidation. While any single instance of Defendants' conduct might not rise to level of a Constitutional violation, their conduct was ongoing, repeated, and cumulative. Taken together, their conduct effectively deprived Dr. Zurmati of the protections guaranteed to him by the United States Constitution.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. §§ 1331 and 1337; 42 U.S.C. § 1983; and by the First and Fourteenth Amendments to the Constitution of the United States ("First Amendment" and "Fourteenth Amendment" respectively). The actions of Defendants were under color of law.

7.      Venue for this suit lies in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(B) because a substantial part of the events giving rise to the claims alleged herein took place within the Eastern District of Virginia, as more specifically described below.

## PARTIES

8.      Plaintiff FARID A. ZURMATI, D.D.S. ("Dr. Zurmati") is a resident of the Commonwealth of Virginia, and for all times relevant to this action has been licensed by the

Virginia Board of Dentistry ("Board") to practice dentistry in the Commonwealth of Virginia. His address is 5519 Eyler Drive, Alexandria, Virginia 22315.

9.      Defendant WILLIAM C. GARRETT  ("Defendant Garrett") is a resident of Virginia employed by the Virginia Office of the Attorney General (OAG), a government agency of the Commonwealth of Virginia created by statute.  Its office is located at:  900 East Main Street, Richmond, Virginia 23219.

10.     Defendant HOWARD M. CASWAY  ("Defendant Casway") is a resident of Virginia employed by the OAG, whose office is located at:  900 East Main Street, Richmond, Virginia 23219.

11.     Defendant DR. PAUL N. ZIMMET ("Defendant Zimmet") a resident of Virginia, and is the current President of the Virginia Board of Dentistry, a government agency of the Commonwealth of Virginia created by statute.  Its office is located at:  Perimeter Center, Mayland Drive, Suite 300, Richmond, Virginia 23233.  Defendant Zimmet also owns a private dental practice in Virginia.

12.     Defendant DR. HOWARD SEIGEL ("Defendant Seigel") is a resident of Virginia, and a current member of the Virginia Board of Dentistry, a government agency of the Commonwealth of Virginia created by statute.  Its office is located at:  Perimeter Center, Mayland Drive, Suite 300, Richmond, Virginia 23233.

13.     Defendant JACQUELINE G. PACE ("Defendant Pace") is a resident of Virginia, and a current member of the Virginia Board of Dentistry, a government agency of the Commonwealth of Virginia created by statute.  Its office is located at:  Perimeter Center, Mayland Drive, Suite 300, Richmond, Virginia 23233.

14.     Defendant JAMES L. BANNING ("Defendant Banning") is a resident of Virginia, and is Director of the Administrative Proceedings Division, Virginia Department of Health Professions (DHP). The DHP's office is located at:  Perimeter Center, Mayland Drive, Suite 300, Richmond, Virginia 23233.

15.     Defendant SANDRA K. REEN ("Defendant Reen") is a resident of Virginia, and is the Executive Director of the Virginia Board of Dentistry, a government agency of the Commonwealth of Virginia created by statute.  Its office is located at:  Perimeter Center, Mayland Drive, Suite 300, Richmond, Virginia 23233.

## PROCEDURAL HISTORY

16.     Whenever Dr. Zurmati alleges in this Complaint that Defendants did any act, he means that Defendants either performed or participated in the act, or that Defendants' officers, agents, or employees performed or participated in the act on behalf of and under the authority of Defendants.

17.     Until January 2007, Dr. Zurmati owned a dental practice in the Commonwealth of Virginia named Kingstowne Family and Cosmetic Dentistry ("Kingstowne").

18.     In early September 2004, the office manager of Kingstowne, Alicia Gailliot (the "Source"), left the practice without notice and went to work for Defendant Zimmet, then the Vice President and now the President of the Board.  On or about September 10, 2004, the Source filed a complaint with the Board leveling eight separate allegations against Dr. Zurmati.  Based on this complaint, the Department of Health Professions, Board of Dentistry opened Case No. 99098.

19.     On or about December 2004, one of Dr. Zurmati's patients disputed a portion of his bill, and as part of his dispute filed a complaint with the Board. Based on this complaint, the Department of Health Professions, Board of Dentistry opened Case No. 100380.

20.     Case No. 99098 was eventually dismissed in its entirety by the Board as a result of a formal administrative hearing that concluded on August 5, 2006.

21.     The patient's allegations in Case No. 100380 were also dismissed. However, the Board inexplicably added its own allegations against Dr. Zurmati to this Case and kept Case No. 100380 open. These new allegations were unrelated to either complaint; in fact, they were not based on any patient complaint.

22.     During the course of the Board's investigation and during all hearings, the Board was represented by legal counsel from the OAG. Specifically, Defendant Garrett prosecuted the case against Dr. Zurmati but did not take part in the final stage of the case, the formal administrative hearing that took place on June 16 and August 5, 2006. Defendant Casway advised the Board throughout the case investigations and during the formal administrative hearing.

23.     On March 29, 2006, the OAG, on behalf of the Board, issued a Notice of Hearing and Statement of Particulars (SOP), notifying Dr. Zurmati of a formal hearing on Case No. 99098 and Case No. 100380. A copy of the SOP is attached hereto as **Exhibit A.**

24.     On June 5, 2006, in response to a request made by Dr. Zurmati, the OAG issued a bill of particulars (BOP). A copy of the BOP is attached hereto as **Exhibit B**.

25.     On June 16 and August 5, 2006, the Board held a formal administrative hearing pursuant to §2.2-4020, §2.2-4021, §54.1-110 and §54.1-2400(11) of the Code of Virginia (1950) as amended.

26.     Following the formal hearing, the Board entered a final Order on August 11, 2006 setting out the Board's Findings of Fact and Conclusions of Law.  A copy of the August 11, 2006 Order are attached hereto as **Exhibit C**.

27.     Dr. Zurmati appealed the Board's Order to the Circuit Court of Fairfax County, Virginia.  After a hearing in the circuit court on April 27, 2007, Judge David Stitt reversed the Board's Order in part and affirmed the Order in part.  Dr. Zurmati appealed Judge Stitt's April 27, 2007 Order to the Court of Appeals of Virginia.  The ruling of the Court of Appeals is currently pending.

## ALLEGATIONS OF MISCONDUCT

28.     Throughout the investigation and administrative process, Defendants, acting under the color of state law, deprived Dr. Zurmati of the due process secured by the Fourteenth Amendment.  Defendants engaged collectively in a campaign of harassment, coercion and intimidation against Dr. Zurmati.

29.     The Source who filed the original complaint was an employee of Defendant Zimmet, the Vice President (now President) of the Board of Dentistry.  Under Virginia law, the Board is charged with investigating the allegations of the Source and determining possible sanctions.  The employee stated to at least one third party that her reason for working for Defendant Zimmet was to harm Dr. Zurmati.  It is Dr. Zurmati's belief that Defendant Zimmet's relationship to the Source caused Defendant Zimmet to exert influence over the Board members, and especially over the OAG.  This influence harmed Dr. Zurmati by making the Board and the OAG biased against him from the beginning of these cases, thereby depriving him of the due process guaranteed under the Fourteenth Amendment.  By biasing the Board members in an

effort to harm Dr. Zurmati, Defendant Zimmet was acting in his individual capacity, beyond his statutory authority, and therefore may be held liable for money damages.

30.     Defendant Reen is a personal friend of the Source, and similarly exerts influence over the Board members who decided Dr. Zurmati's case.

31.     It is Dr. Zurmati's belief that the relationships between the Source and the President of the Board and the Executive Director of the Board creates more than the mere appearance of bias. The bias was real, and manifested itself in many and varied ways, as described herein.

32.     During the course of their investigation, Defendants solicited and accepted documents from one of Dr. Zurmati's former employees that Defendants knew were stolen from Dr. Zurmati's office, and used those documents to pursue its investigation of Dr. Zurmati. The theft of these documents almost surely violated Virginia and federal law. The Board's use of the documents denied Dr. Zurmati the protections afforded him under the Fourteenth Amendment and under the Administrative Process Act (APA), VA. CODE ANN. § 2.2-4000 *et seq.* Such protections include, *inter alia*, the right to object, under VA. CODE ANN. § 2.2-4022, to the production of documents properly requested by the Board or the DHP.

33.     After accepting these documents they knew or should have known were stolen, Defendants instructed a Board investigator to contact the patients whose names were in the documents. Defendants gave Dr. Zurmati no notice that the Board intended to contact the patients, and did not afford him the chance to respond to a formal request for the patients' names and contact information before Defendants began contacting the patients.

34.     At an informal conference held on December 2, 2005, Defendant Garrett offered the Source as a witness against Dr. Zurmati. At the formal administrative hearing held on June

16 and August 5, 2006, another attorney from the OAG offered the person who had stolen the documents from Dr. Zurmati's office as a witness against Dr. Zurmati, and the Board, under Defendant Casway's guidance, allowed the witness to testify. When counsel attempted to cross-examine this witness at the formal hearing, Defendants Seigel and Casway unreasonably restricted the ability of Counsel for Dr. Zurmati to do so. This restriction violated Dr. Zurmati's rights under the Fourteenth Amendment and under VA. CODE ANN. § 2.2-4020(C) of the APA.

35.     After the informal conference, the Board sought to impose, among others, a monetary sanction against Dr. Zurmati that was unprecedented in the Board's history for similar conduct, and beyond the statutory limit for such sanctions. In fact, a review of Board's previous Orders reveals that no dentist in recent history had been sanctioned for the type of conduct alleged in either Case No. 99098 or Case No. 100380. This severe, unprecedented sanction was meant to coerce Dr. Zurmati to sign a consent order admitting to misconduct. Much to his credit, Dr. Zurmati would not sign such an order. Notably, the Board's sanction following the informal conference in December 2005 made no reference to the overbilling of insurance companies, which would later be the entire basis for the Board's Finding of Fact 2 and Conclusion of Law 1 following the formal hearing that would conclude in August 2006.

36.     The statute upon which the Board relied for the Conclusion of Law 1 contained in its August 11, 2006 Order, Va. Code Ann. §54.1-2706(4), is unconstitutionally vague. The statute makes sanctionable "[a]ny unprofessional conduct likely to defraud or to deceive the public or patients." It is impossible for any practitioner to anticipate just what conduct would constitute a violation of this provision. The vagueness of the statute makes the Board all but unaccountable for its findings, allows the Board to find a violation in almost any conduct with no rationale for its Conclusions of Law. Indeed, that is precisely what the Board did in its August

11, 2006 Order. The Order contained allegations of certain conduct, but no rationale for the Conclusion of Law contained in the Order, and no connection between the conduct and the statute the Board alleged Dr. Zurmati violated. Due process requires that Dr. Zurmati have notice of what is expected of him before he is charged with a violation of a statute and sanctioned by the Board.

37.     Defendant Garrett contacted patients who had not complained about billing to question them about billing. On at least one occasion, he attempted to convince a patient, who had never complained about billing, that Dr. Zurmati had over billed the patient. At the formal hearing on June 16, 2006, Defendant Watkins, after the advice of Defendant Casway, refused to allow Dr. Zurmati's attorney to ask that same patient about this incident. This refusal violated Dr. Zurmati's rights under the Fourteenth Amendment and under VA. CODE ANN. § 2.2-4020(C) of the APA.

38.     The OAG called an expert witness to testify who admitted again and again that she did not know the fees that a single patient paid, although she nonetheless continued to assert that Dr. Zurmati had over billed patients. The OAG called this witness with the intent to obscure the issue of billing and to confuse the Board. In the end, the Board issued its August 11, 2006 Order knowing that its Finding of Fact 2 could not possibly violate the cited statute as alleged in Conclusion of Law 1.

39.     Defendants Garrett and Reen caused a witness subpoena to be served on Dr. Zurmati's wife attempting to compel her to testify at the formal administrative hearing, although she was not an employee of Dr. Zurmati's dental practice, and had no direct knowledge of the facts material to the case. This tactic was meant purely to intimidate and harass Dr. Zurmati, and

to deprive him of the full advantage of the protections afforded him by the Fourteenth Amendment and the APA.

40.     Defendant Garrett intervened unlawfully in a private civil suit brought by Dr. Zurmati against the Source in the Circuit Court of Fairfax County, Virginia. Defendant Garrett admitted during one hearing that he was seeking to intervene in part to absorb some the cost of the suit to the Source, who still worked for the Vice President of the Board. During the course of Defendant Garrett's efforts to intervene in Dr. Zurmati's private civil matter, Defendant Garrett announced in open court that Dr. Zurmati had been accused of fraud, even though the statement was not accurate. Defendant Garrett made this statement in an effort to prejudice Dr. Zurmati in a private civil matter in which Defendant was not a lawful party. Defendant was attempting once again to intimidate and harass Dr. Zurmati, under color of state law. This unlawful intervention into Dr. Zurmati's private civil suit denied the liberty guaranteed to Dr. Zurmati under the First Amendment. By intervening in a private civil matter, Defendant Garrett was acting in his individual capacity, beyond his statutory authority, and therefore may be held liable for money damages.

41.     Defendant Garrett made allegations that patients had been over billed or deceived by Dr. Zurmati, without ever producing a single patient who would make such a complaint, and without probable cause to believe the conduct took place. The entirety of Case No. 100380 as it was presented at the formal administrative hearing in 2006 was premised on this bare, unsupported speculation, without even the semblance of probable cause to begin the case in the first place. The lack of probable cause denied Dr. Zurmati due process under the Fourteenth Amendment.

42.     The allegations offered against Dr. Zurmati by the DHP, the Board and the OAG changed over time, thereby denying Dr. Zurmati a fair opportunity to prepare a defense to the charges against him. Defendant Garrett alleged in the SOP and again in the BOP that Dr. Zurmati's billing practices had deceived or confused patients. However, the Board made a Finding of Fact in its August 11, 2006 Order that Dr. Zurmati had over billed *insurance companies*, a very different claim. This moving target denied Dr. Zurmati the due process guaranteed him by the Fourteenth Amendment, and the procedural protection granted to him by Va. Code Ann. § 2.2-4020 of the APA.

43.     The Board members, including especially Defendant Pace, intentionally obscured the issue of billing during the formal hearing, in order to justify a finding of fact that the Board members knew, or should have known, could not form the basis of a violation of any statute or regulation. Specifically, the Board found that Dr. Zurmati had submitted bills to insurance companies with his "office" rate, yet this practice is standard in the industry, and in fact is mandated by the contracts between Dr. Zurmati and the insurance companies. The Board is in possession of these contracts. In addition, during the formal hearing on August 5, 2006, Defendant Pace asked questions of witnesses intended to confuse the other Board members. Her questions demonstrate a clear bias against Dr. Zurmati during the course of the formal hearing.

44.     Every allegation made by the Source in her complaint filed on or about September 10, 2004 was dismissed by the Board and does not appear in the August 11, 2006 Order. However, despite the complete dismissal of the Source's allegations against Dr. Zurmati, despite the dismissal of Case No. 99098 altogether, the Board and the DHP continue to publish certain of these allegations, without rebuttal, on the DHP's publicly accessible, publicly funded website. In particular, the Notice of a December 2, 2005 informal conference is still published on the DHP

and Board websites, although the Order following the informal conference has been vacated by the Board. The minutes from the December 2, 2005 informal conference, as well as minutes from the June 16, 2006 and August 5, 2006 formal hearing, all of which repeat unproven allegations against Dr. Zurmati, are still maintained on the DHP website, even though the Order entered by the Board following the informal conference has been deleted from the Board's website. The allegations against Dr. Zurmati are published on the DHP public website without any accompanying rebuttal or notice that the allegations were not proven and were dismissed by the Board.

45.     These allegations continue to defame Dr. Zurmati and to injure him in his professional reputation and standing, despite the Board's complete dismissal of the allegations. Such widespread publication of these unproven allegations without the opportunity to respond to them amounts to a sanction against Dr. Zurmati without any notice, and denies him the due process guaranteed by the Fourteenth Amendment.

46.     On or about January 10, 2007, Dr. Zurmati sold Kingstowne, but continued to work at Kingstowne as an associate dentist only.

47.     One of the sanctions in the Board's August 11, 2006 Order requires that Dr. Zurmati submit to "one unannounced inspection by an inspector/investigator of the Department of Health Professions" within 12 months of the entry of the Order.

48.     On or about October 25, 2007, well after the inspection period in the August 11, 2006 Order had passed, and despite the fact that Dr. Zurmati no longer owned the patient records at the practice, Defendants Casway, Banning and Reen sent an investigator to Kingstowne to inspect patient records, allegedly to enforce the August 11, 2006 Order. When Defendants learned that Dr. Zurmati no longer owned the practice, they requested the documents from Dr.

Zurmati's employer, who was reluctant to allow the documents to leave the practice. In response, Defendant Banning signed a subpoena on or about November 9, 2007 ordering Dr. Zurmati's employer to produce certain documents within 24 hours.

49.    Defendants knew that the August 11, 2006 Order had expired, yet issued the subpoena to Dr. Zurmati's employer as a raw display of their power against Dr. Zurmati, in an effort to intimidate Dr. Zurmati and adversely affect his professional relationship with his employer.

## CONCLUSION

50.    As a result of Defendants' intentional conduct, as described herein, Defendants deprived Dr. Zurmati of due process and a fair and unbiased administrative hearing, in violation of the Fourteenth Amendment of the Constitution of the United States. He has been further denied the right to petition the government for redress in his private civil suit without interference by the state, in violation of the First Amendment.

51.    As a further result of Defendants' conduct, Dr. Zurmati's employment has been jeopardized; he has incurred tremendous legal fees defending himself against allegations the great majority of which have been dismissed; and his reputation and professional standing has been jeopardized.

52.    Despite affording Dr. Zurmati the semblance of the due process required under the Administrative Process Act, Defendants used the power granted to them by the Commonwealth of Virginia to deprive Dr. Zurmati of a truly fair and unbiased hearing. Defendants have repeatedly used their state-sanctioned power to intimidate Dr. Zurmati; to retaliate against him; to deny him true access to the procedural protections guaranteed to him by the United States Constitution; and to pursue their own personal agendas at his expense.

## PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff prays that this Court:

(1) Declare VA. CODE ANN. § 54.1-2706(4) to be unconstitutional on the basis that it is ambiguous, overly broad, and violates the Fourteenth Amendment to the United States Constitution.

(2) Dismiss administrative Case No. 99098 and Case No. 100380 brought against Dr. Zurmati by Defendants;

(3) Enjoin all Defendants, their officers, agents, successors, employees, and attorneys permanently from posting any information regarding these cases on any website maintained or funded by the Commonwealth of Virginia;

(4) Order Defendants, their officers, agents, successors, employees, and attorneys to remove any information regarding these cases from any website maintained or funded by Defendants;

(4) Order Defendants to expunge the records of these cases, or, in the alternative, keep records of these cases under seal;

(5) Enjoin all Defendants, their officers, agents, successors, employees, and attorneys from contacting Plaintiff's employer or interfering with Plaintiff's employment in any way;

(6) Order Defendants Garrett and Zimmet to pay damages to Plaintiff in an amount to be determined at trial;

(7) Order Defendants Garrett and Zimmet to pay Plaintiff's attorney's fees and expenses incurred in prosecuting this action; and

(8) Grant such further and general relief as the Court may find warranted.

DATED: This 28th day of February, 2008.

Respectfully submitted,

FARID A. ZURMATI, D.D.S.

By Counsel:

_____
August McCarthy, Esq.
Virginia Bar No. 68414
AUGUST MCCARTHY, PLLC
86 East Lee Street
Warrenton, Virginia 20186
TEL: 540-222-6216
FAX: 540-301-2020 fax
Counsel for Plaintiff

<u>Verification of Complaint</u>

I, Farid A. Zurmati, D.D.S., a citizen of the United States of America and a resident of the Commonwealth of Virginia, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct to the best of my knowledge.

Executed this 28th day of February, 2008 in the County of Fairfax, Virginia.

_____
Farid A. Zurmati, D.D.S.

Embossed Hereon Is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires March 31, 2008
ANGELINA McCARTHY

My Commission Expires March 31, 2008

Angelina McCarthy
Notary Public
Notary ID: 342936
on 29th of February, 2008

Page 16 of 16



# COMMONWEALTH of VIRGINIA

Robert A. Nebiker
Director

*Department of Health Professions*
6603 West Broad Street, 5th Floor
Richmond, Virginia 23230-1712

www.dhp.virginia.gov
TEL (804) 662-9900
FAX (804) 662-9943
TDD (804) 662-7197

## Virginia Board of Dentistry
(804) 662-9906        FAX (804) 662-7246        denltc@dhp.virginia.gov

March 29, 2006

**CERTIFIED MAIL: 7160 3901 9848 8726 3851**

Farid A. Zurmati, D.D.S.
5960 Kingstowne Center Boulevard
Suite #140
Alexandria, Virginia 22315

RE:    Notice of Formal Hearing

Dear Dr. Zurmati:

Enclosed are a Notice of Hearing and Statement of Particulars informing you that the Virginia Board of Dentistry ("Board") will convene a formal administrative hearing to receive and act upon evidence that you may have violated certain laws and regulation regulations governing the practice of dentistry in the Commonwealth of Virginia. The hearing is scheduled for June 16, 2006, at 9:00 a.m., at the Hilton Springfield, 6550 Loisdale Road, Croix Room, Springfield, Virginia. Arrangements should be made for you to be at the hearing at 8:30 a.m.

You have the following rights, among others: to be accompanied by and represented by counsel, to submit oral and documentary evidence and rebuttal proofs, to conduct such cross-examination as may elicit a full and fair disclosure of the facts, and to have the proceedings completed and a decision made with dispatch. Should you wish to subpoena witnesses, requests for subpoenas must be made, in writing, in accordance with the enclosed Instructions for Requesting Subpoenas. Further, you have the right to receive a copy of the investigative report and supporting documents which will be used as evidence at your hearing. I enclose with the letter sent to you by certified mail Commonwealth's Exhibits 1-6 for your review.

Prior to the hearing, copies of these exhibits will be distributed to the members of the Board, who will conduct the hearing. If you have any objections to the exhibits, please

Board of Audiology & Speech - Language Pathology - Board of Counseling - Board of Dentistry - Board of Funeral Directors & Embalmers
Board of Long Term Care Administrators - Board of Medicine - Board of Nursing - Board of Optometry - Board of Pharmacy
Board of Physical Therapy - Board of Psychology - Board of Social Work - Board of Veterinary Medicine
Board of Health Professions



Notice of Formal Hearing – Farid A. Zurmati, D.D.S.
March 29, 2006
Page 2

contact William C. Garrett, Assistant Attorney General, at (804) 786-0030, or Cynthia E. Gaines, Adjudication Specialist, at (804) 662-7135 before May 26, 2006. If you do not object to the proposed distribution before May 26, 2006, these exhibits will be distributed to the Board for their review prior to the hearing. Failure to object to the distribution prior to the hearing will not affect your right to contest any information contained in these documents at the hearing.

If you obtain counsel, you should do so as soon as possible because, absent good cause to support a request for a continuance, the formal hearing will be held on June 16, 2006. A request to continue this proceeding must state in detail the reason for the request and must establish good cause. Such request must be made, in writing, to me at the address listed on this letter or it may be sent via facsimile transmission to (804) 662-7246.

Please inform this office, in writing, of your intention to be present for the hearing by May 26, 2006, and provide a telephone number where you can be reached. Further, the Board requests that you provide to Cheri Emma-Leigh, Operations Manager, Board of Dentistry, 6603 West Broad Street, Richmond, Virginia 23230, fifteen (15) copies of any additional documents you wish to introduce into evidence by May 26, 2006. A separate copy of the exhibits should be forwarded directly to Mr. Garrett at 900 East Main Street, Richmond, Virginia 23219. Documents submitted after that date may not be considered by the Board. If you have any questions, please do not hesitate to contact me at (804) 662-9906.

Sincerely,

*Sandra K Reen*

Sandra K. Reen
Executive Director
Virginia Board of Dentistry

cc:     Members, Board of Dentistry
        Robert A. Nebiker, Director, Department of Health Professions
        Howard M. Casway, Senior Assistant Attorney General
        August McCarthy, Esquire
        Lorraine McGehee, Deputy Director, Administrative Proceedings Division
        William C. Garrett, Assistant Attorney General (with enclosures)
        Cynthia E. Gaines, Adjudication Specialist
        Tony C. Butera, D.P. M., Senior Investigator (# 99098 and #100380)

Enclosures
        Notice of Hearing & Statement of Particulars
        Commonwealth's Exhibits 1 – 6
        Instructions for Requesting Subpoenas

Statement of Particulars – Farid A. Zurmati, D.D.S.
Page 1

VIRGINIA:

## BEFORE THE BOARD OF DENTISTRY

IN RE:     **FARID A. ZURMATI, D.D.S.**
           **License No. 0401-008980**

### NOTICE OF HEARING

Pursuant to § 2.2-4020, § 2.2-4021, § 54.1-110, and § 54.1-2400 of the Code of Virginia (1950), as amended ("Code"), Farid A. Zurmati, D.D.S., is hereby given notice that in accordance with § 2.2-4024.F and § 54.1-2400(11) of the Code, a formal administrative hearing will be convened before a panel of the Virginia Board of Dentistry ("Board"). The hearing will be held on June 16, 2006, at 9:00 a.m. at the Hilton Springfield, 6550 Loisdale Road, Croix Room, Springfield, Virginia, at which time Dr. Zurmati will be afforded the opportunity to be heard in person and be represented by counsel.

The purpose of the hearing is to receive and act upon evidence that Dr. Zurmati may have violated certain laws and regulations governing the practice of dentistry in the Commonwealth of Virginia, as more fully set forth in the Statement of Particulars below.

### STATEMENT OF PARTICULARS

The Board alleges that:

1.     Dr. Zurmati may be in violation of § 54.1-2706(5) and (11) [*formerly § 54.1-2706.A(5) and (10)*] of the Code, in that, during his treatment of Patient A, Dr. Zurmati engaged in negligent conduct in his practice of dentistry and conducted his practice in a manner presenting a danger to the health and welfare of his patients. Specifically:

a. In or around December 2003, Dr. Zurmati injected Patient A with an anesthetic in preparation for providing treatment. Following the injection, Dr. Zurmati

Statement of Particulars – Farid A. Zurmati, D.D.S.
Page 2

left the operatory for a prolonged period.  By the time that Dr. Zurmati returned to the operatory, the anesthetic had worn off, and the patient received a repeated anesthetic injection prior to his beginning treatment on him.

        b.      On or about January 13, 2004, Dr. Zurmati placed porcelain veneers on Patient A's teeth #7, #8, #9, and #10.  The patient reports that the veneers Dr. Zurmati placed frequently detached and the one veneer had detached approximately eight (8) times in less than one (1) year.  Dr. Zurmati eventually placed a new veneer on tooth #10 on approximately July 9, 2004, because the prior veneer had detached from the patient's tooth on multiple occasions.  Additionally, Dr. Zurmati placed a new veneer on tooth #9 on approximately October 8, 2004.

        2.      Dr. Zurmati may be in violation of § 54.1-2706(4) and (9) [*formerly §  54.1-2706.A(4) and (9)*] of the Code, and 18 VAC 60-20-170(1) and (2) of the Regulations of the Board of Dentistry, in that he engaged in fraudulent and/or deceptive billing.  Specifically:

        a.      Following examination of Patient B on or about August 21, 2004, Dr. Zurmati developed a treatment plan, to include an estimate of the charges for the proposed treatment, which he presented to the patient.  The treatment plan presented to the patient indicated that the patient would be responsible for a total of one hundred twenty-two dollars and eighty cents ($122.80) for the cost of services related to the proposed treatment plan.  Thereafter, Dr. Zurmati billed Patient B in excess of the amount stated on the treatment plan and for items which were not part of the written plan.  Specifically, the treatment plan presented to the patient lacked any reference to the proposed treatment and cost related to the treatment of tooth #3.  Additionally, Dr.

Zurmati's office charged the patient for fine scaling and polish, although this service should have been included in the cost the patient paid for a full mouth debridement.

b.    During Dr. Zurmati's treatment of Patients C, D, E, F, G, H, I, J, and K, his office submitted a proposed treatment plan to each patient which included a total cost for each proposed procedure, based on the amount to be paid by the patient and their insurance carrier.    However, following the procedures, Dr. Zurmati's office frequently charged amounts in excess stated on the patients' respective primary treatment plans for the procedure.

3.    Dr. Zurmati may be in violation of § 54.1-2706(11) [formerly § 54.1-2706.A(10)] of the Code, in that, while seated in his operatory on or about June 16, 2004, he verbally abused Patient M resulting in the discontinuance of the treatment session. Dr. Zurmati continued to display verbal abusiveness toward the patient while exiting the building and continued the confrontation into the parking lot.

4.    Dr. Zurmati's records may not meet the requisite requirements for record keeping.  Specifically:

a.    Dr. Zurmati may be in violation of § 54.1-2706(9) [formerly § 54.1-2706.A(9)] of the Code, and 18 VAC 60-20-15(1) of the Regulations of the Board of Dentistry, in that, his records for Patients B, C, and E-M failed to include the patients' name on each page of the patients' records.

b.    Dr. Zurmati may be in violation of § 54.1-2706(9) [formerly § 54.1- 2706.A(9)] of the Code, and 18 VAC 60-20-15(3) of the Regulations of the Board of Dentistry, in that, his treatment notes for Patient B failed to include documentation that a full mouth debridement was actually performed on the patient on or about August

**Statement of Particulars – Farid A. Zurmati, D.D.S.**
**Page 4**

21, 2004, despite billing the patient for this treatment.

c.      Dr. Zurmati may be in violation of § 54.1-2706(9) [*formerly § 54.1-2706.A(9)*] and § 54.1-2719(B)(vi) of the Code, and 18 VAC 60-20-15(8) of the Regulations of the Board of Dentistry, in that, the duplicate laboratory work orders that he submitted for Patients A, C, and E-L failed to include his address and are sometimes illegible.

Please see Attachment I for the identity of the patients/individuals referenced herein.

FOR THE BOARD

*Sandra K Reen*
Sandra K. Reen
Executive Director
Virginia Board of Dentistry

Entered:   3-30-06



# COMMONWEALTH of VIRGINIA

### Office of the Attorney General

Robert F. McDonnell
Attorney General

900 East Main Street
Richmond, Virginia 23219
804-786-2071
FAX 804-786-1991
Virginia Relay Services
800-828-1120
7-1-1

June 5, 2006

Sandra Reen
Executive Director
Virginia Board of Dentistry
6603 West Broad Street, 5th Floor
Richmond, Virginia 23230

> **Re:** **Farid Zurmati, D.D.S.**
> **License No.: 0401-008980**

Dear Ms. Reen:

Pursuant to the Chair's ruling of May 25, 2006, the following serves to provide additional factual information to specific allegations within the Statement of Particulars.

Allegation 1(b)

Treatment was rendered on the following dates for the veneer on tooth #10 – Jan. 13, 2004, veneer placed; March 11, 2004, centered; March 31, 2004; June 4, 2004; June 16, 2004; July 1, 2004; July 9, 2004.

Additional treatment was rendered on tooth #9 on August 10, 2004; September 22, 2004; and October 8, 2004.

Allegation 2(a)

The foundations for Statement of Particular # 2(a) are both written communications by Dr. Zurmati and information he provided in an interview of March 9, 2005. The primary treatment plan for Patient B was generated on August 21, 2004. Patient B signed the form which reflected that the patient's obligation for the proposed treatment plan was a total of $122.80. Dr. Zurmati has acknowledged in writing that the fine scale and polish, performed on September 18, 2004, was erroneously billed to the patient. The fine scale and polish alone was listed as costing $111.00. The treatment of tooth #3 was absence from the primary treatment plan signed by the patient but the service was performed on approximately August 27, 2004. It is significant that the cost for a resin-composite was quoted to Patient M on August 21, 2004 as costing the patient $19.40 with insurance covering $77.90. However, when such a procedure was performed on



EXHIBIT
B

Sandra Reen, Ex. Dir.
June 5, 2006


August 27, 2004, the carrier indicated that their portion of the payment was only $65.60 and that the patient would be responsible for $127.40.

Allegation 2(b)

      To aid in the panel's review of this matter of allegation 2(b), Evidence 3 (Tab 3, Book 3), was drafted to assist in reviewing the information related to patient billing. This chart represents identified discrepancies with information provided to the patients in various treatment plans. In addition, the fact that faulty information was provided to Patients K, F and E was admitted in a written response by the office manager for Dr. Zurmati. Ms. Sanchez wrote on November 19, 2004, that these patients had been provided misinformation regarding their co-pays for treatment. In each treatment plan, the patient was never informed of the "usual and customary" charge for treatment. The "usual and customary" charge was then applied to the "patient transaction form" for purposes of tracking payments and billing insurance carriers. This lack of information resorted in distorted balances and patient confusion as discussed by patient B. Without proper information as to costs and included services, patients are unable to knowingly consent to the cost of procedures. Dates of treatment at issue are as followed:

Patient C: Treatment plan dated May 26, 2004 with services rendered on Jan. 6, 2005; May 27, 2004; and July 30, 2004.

Patient D:   Treatment plan dated July 28, 2004 with services rendered on July 28, 2004.

Patient E:  Treatment plan dated August 25, 2004 with services rendered on September 11, 2004; September 23, 2004; and October 15, 2004.

Patient F:  Treatment plans dated April 30, 2004 and June 22, 2004 with services rendered on May 19, 2004; June 8, 2004; June 15, 2004; and June 22, 2004.

Patient G:  Treatment plan of August 19, 2004 with service rendered on August 25, 2004.

Patient H: Treatment plan of August 17, 2004 with services rendered on August 19-20, 2004; and December 21, 2004.

Patient I:   Treatment plan of August 25, 2004 with service rendered on August 25, 2004.

Patient J:  Treatment plan of July 21, 2004 with services rendered on July 31, 2004; August 4, 2004; August 11, 2004; August 25, 2004; and September 8, 2004.

Patient K: Treatment plan of February 28, 2005 with services rendered on March 6, 2004; May 4, 2004; May 20, 2004; and September 14, 2004.

Sandra Reen, Ex. Dir.
June 5, 2006

Allegation 3

On June 16, 2004, Patient M presented with numerous dental concerns for evaluation and treatment. At that time, the patient suffered from numerous complaints to include bleeding gums, sensitivity to temperature and sensitivity to sweet or sour items. Additionally, the patient and documentation from Dr. Zurmati indicate that a potential lesion had been identified previously and could necessitate surgery. Based on the incident in question, there was certainly delay in treating these symptoms. A failure to evaluate and treat could have potentially devastating impact on the dental health of this patient.

Aside from the dental concerns that went unaddressed that day, Patient M is expected to testify that the intervening force that saved him from actual battery by Dr. Zurmati was the presence of potential witnesses. Physical abuse of a patient is not only unacceptable it is inexcusable. There was and is no justification for Dr. Zurmati pursuing a patient into the parking lot of the practice to the point that a patient feared for his physical safety. Certainly a completed battery would present danger to the welfare of the patient, it is no less dangerous in that it was an assault. Patients have enough fears and phobias related to visits to the dentist, a practitioner physically abusing them should not be a concern that a patient adds to the list of fears. Further, such conduct may be grounds for determining that a mental health evaluation is appropriate pursuant to § 54.1-2400(15) of the Code. However, such a finding is not sanctionable until a practitioner refuses to comply with such a finding and need not be alleged in the Statement of Particulars.

Allegation 4(c)

Duplicate laboratory work orders required by regulation and statute should contain identical information to the original work order forwarded to the lab. The following is a partial listing of duplicate laboratory work orders are in question during the formal hearing:

Patient A -    Prep dates of August 11, 2004 (Book 1, BS 117); July 1, 2004 (Book 1, BS 118); September 22, 2004 (Book 1, BS 118); January 2, 2004 (Book 1, BS 119); January 13, 2004 (Book 1, BS 119); December 29, 2003 (Book 1, BS 120); and January 2, 2004 (Book 1, BS 121).

Patient C-    Due date of August 12(?), 2004 (Book 1, BS 144).

Patient E-    Prep dates of October 15, 2004 (Book 1, BS 176); September 11, 2004 (Book 1, BS176); January 5, 2005 (Book 1, BS 177).

Patient F-    Prep dates of June 8, 2004 (Book 1, BS 204); and approximately June 15, 2004 (Book 1, BS 204).

Sandra Reen, Ex. Dir.
June 5, 2006

Patient G -     Prep date of approximately September 16, 2004 (Book 1, BS 225).

Patient H-      Prep date of August 20, 2004 (Book 1, BS 250).

Patient I-      Document at Book 1, BS 270, date undetermined.

Patient J –     Prep dates of September 8, 2004 (Book 2, BS 288); August 25, 2004 (Book 2, BS 288); October 25, 2004 (Book 2, BS 289); September 24, 2004 (Book 2, BS 289); November 24, 2004 (Book 2, BS 290); Date unknown (Book 2; BS 290); December 16, 2004 (Book 2, BS 291); and January 1, 2005 (Book 2, BS 291).

Patient K -     Prep dates of March 6, 2004 (Book 2, BS 315); May 25, 2004 (Book 2, BS 315); October 21, 2004 (Book 2, BS 316); and June 8, 2004 (Book 2, BS 316).

Patient L-      Prep dates of February 4, 2004 (Book 2, BS 352); and Date unknown (Book 2, BS 353).

Please forward this response to the appropriate Hearing Chairperson for consideration. Should there be any questions, do not hesitate to contact me at (804) 786-0030.

Sincerely,

Wm. Garrett
Assistant Attorney General
Health Professions Unit

Cc:     August McCarthy, Esq. (By electronic mail)
        Cynthia Gaines, Adjudication Specialist



# COMMONWEALTH *of* VIRGINIA

**Robert A. Nebiker**
**Director**

*Department of Health Professions*
6603 West Broad Street, 5th Floor
Richmond, Virginia 23230-1712

www.dhp.virginia.gov
TEL (804) 662-9900
FAX (804) 662-9943
TDD (804) 662-7197

**Virginia Board of Dentistry**
TELEPHONE: 804/662-9906  FAX NUMBER: 804/662-7246  E-MAIL: den/nha@dhp.virginia.gov

August 11, 2006

<u>**CERTIFIED MAIL**</u>
7160 3901 9848 8726 3196

Farid A. Zurmati, D.D.S.
5960 Kingstowne Center Boulevard, Suite #140
Alexandria, VA  22315

Case Nos:  99098 and 100380

Dear Dr. Zurmati:

Enclosed is a Copy Teste of the final Order that was entered by the Virginia Board of Dentistry on August 11, 2006.

This Order will be forwarded to Ann Tiller, Compliance Manager for the Department of Health Professions. Ms. Tiller will assign you a Case Manager to monitor your compliance with the terms of the Order on behalf of the Board.  Please direct all questions, documents, and correspondence related to your compliance with your Order to your assigned Case Manager, at (804) 662-9510, or in care of the Compliance Unit, Department of Health Professions, 6603 West Broad Street, 5th Floor, Richmond, Virginia  23230-1712.  For more information on the compliance process, see: **http://www.dhp.virginia.gov/Enforcement/compliance_faq.htm** on the Department's website.

Sincerely,

*Cheri Emma-Leigh*

Cheri Emma-Leigh
Operations Manager
Virginia Board of Dentistry

/cel

Enclosure

cc:   Robert A. Nebiker, Director, Department of Health Professions
      Lorraine McGehee, Deputy Director, Addministrative Proceedings Division
      Cynthia E. Gaines, Adjudication Specialist
      William C. Garrett, Assistant Attorney General
      Frank Pedrotty, Sr. Assistant Attorney General
      T. C. Butera, Senior Investigator (99098)
      Susan Jo Tokarski, Senior Investigator (100380)
      Ann Tiller, Compliance Manager
      August McCarthy, Esq.

Board of Audiology & Speech - Language Pathology - Board of Counseling - Board of Dentistry - Board of Funeral Directors & Embalmers
Board of Long Term Care Administrators - Board of Medicine - Board of Nursing - Board of Optometry - Board of Pharmacy
Board of Physical Therapy - Board of Psychology - Board of Social Work - Board of Veterinary Medicine
Board of Health Professions

**EXHIBIT**
**C**

VIRGINIA:

## BEFORE THE BOARD OF DENTISTRY

IN RE:      **FARID A. ZURMATI, D.D.S.**
            **License No. 0401 - 008980**

### ORDER

Pursuant to § 2.2-4020, § 2.2-4021, § 54.1-110 and § 54.1-2400(11) of the Code of Virginia (1950), as amended, a formal administrative hearing of the Virginia Board of Dentistry ("Board"), composed of a panel of the members of the Board, was held on June 16, 2006, and August 5, 2006, in Springfield, Virginia. Dr. Zurmati was present and represented by August McCarthy, Esquire. The case was prosecuted by Francis W. Pedrotty, Senior Assistant Attorney General. Howard M. Casway, Senior Assistant Attorney General, was present as legal counsel to the Board. The proceedings were recorded by a certified court reporter. The purpose of the formal hearing was to receive and act upon evidence concerning the allegations set forth in the Board's Notice of Hearing and Statement of Particulars, dated March 29, 2006.

### FINDINGS OF FACT

After consideration of the evidence and testimony presented, the Board makes the following findings of fact by clear and convincing evidence:

1.      Farid A. Zurmati, D.D.S., holds license number 0401-008980 issued by the Board to practice dentistry in the Commonwealth of Virginia. Said license is currently active and unrestricted.

2.      During Dr. Zurmati's treatment of the following patients, he submitted a proposed treatment plan to each patient that included a total cost for each proposed procedure, based on the amount to be paid by the patient and their insurance carrier. Each treatment plan was signed by the respective patients.

**Order – Farid A. Zurmati, D.D.S.**
**Page 2 of 6**

| | |
|---|---|
| Patient C | Treatment Plan dated May 26, 2004, with services rendered on January 6, 2005; May 27, 2004; and July 30, 2004. |
| Patient D | Treatment Plan dated July 28, 2004, with services rendered on July 28, 2004. |
| Patient E | Treatment Plan dated August 25, 2004, with services rendered on September 11, 2004; September 23, 2004; and October 15, 2004. |
| Patient F | Treatment Plans dated April 30, 2004 and June 22, 2004, with services rendered on May 19, 2004; June 8, 2004; June 15, 2004; and June 22, 2004. |
| Patient G | Treatment Plan dated August 19, 2004, with services rendered on August 25, 2004. |
| Patient H | Treatment Plan dated August 17, 2004, with services rendered on August 19 – 20, 2004; and December 21, 2004. |
| Patient I | Treatment Plan dated August 25, 2004, with service rendered on August 25, 2004. |
| Patient J | Treatment Plan dated July 21, 2004, with services rendered on July 31, 2004; August 4, 2004; August 11, 2004; August 25, 2004; and September 8, 2004. |
| Patient K | Treatment Plan dated February 28, 2005, with services rendered on March 6, 2004; May 4, 2004; May 20, 2004; and September 14, 2004. |

Following the procedures, Dr. Zurmati charged the insurance companies amounts higher than the corresponding amounts stated on the patients' respective primary treatment plans. Dr. Zurmati's records included multiple treatment plans, fees and dates of treatment for said patients.

3.     The Board finds that there is a lack of clear and convincing evidence that Dr. Zurmati verbally abused Patient M resulting in the discontinuance of the treatment session.

4.     a.     By his own admission, Dr. Zurmati's records for Patients B, C, and E-M failed to include the patients' names on each page of the patients' records,

notwithstanding his claim that there was no need to do so as the patient records always remain in their respective files.

b.      By his own admission, Dr. Zurmati's duplicate laboratory work orders that he submitted for Patients A, C, and E-L failed to include his address.

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Board concludes that:

1.      Finding of Fact #2 constitutes a violation of § 54.1-2706(4) [formerly § 54.1-2706.A(4)] of the Code.

2.      Finding of Fact #4a constitutes a violation of § 54.1-2706(9) [formerly § 54.1-2706.A(9)] of the Code, and 18 VAC 60-20-15(1) of the Regulations of the Board of Dentistry.

3.      Finding of Fact #4b constitutes a violation of § 54.1-2706(9) [formerly § 54.1-2706.A(9)] and § 54.1-2719(B)(vi) of the Code, and 18 VAC 60-20-15(8) of the Regulations of the Board of Dentistry.

## ORDER

WHEREFORE, on the basis of the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED that Farid A. Zurmati, D.D.S. be issued a REPRIMAND.

It is further ORDERED that within twelve (12) months from the effective date of the Order, Dr. Zurmati's practice shall be the subject of one unannounced inspection by an inspector/investigator of the Department of Health Professions.  Such inspection shall be conducted during normal business hours and shall include a review of Dr. Zurmati's office and equipment, and may include an interview with staff.  Dr. Zurmati shall make his patient medical and billing records available to the inspector/investigator.  The inspector/investigator shall obtain and copy a random

Order – Farid A. Zurmati, D.D.S.
Page 4 of 6

sample of ten (10) of Dr. Zurmati's records, to include, but not limited to patient's walk out statements, insurance claim forms and billing records for review by the Board. The records selected should contain entries occurring after the date this Order becomes effective. Dr. Zurmati is solely responsible for the payment of a two hundred dollar ($200.00) inspection fee to be paid to the Board within thirty (30) days of the inspection. In the event that any such inspection reveals a possible violation of the laws or regulations pertaining to the practice of dentistry in Virginia, or Chapter 34 of Title 54.1 (§§ 54.1-3400 et seq. Virginia Drug Control Act) of the Code of Virginia (1950), as amended, the Board specifically reserves the right to conduct further proceedings in this matter.

It is further ORDERED that within six (6) months from the date this Order becomes final, Dr. Zurmati shall enroll in and successfully complete not less than four continuing education contact hours in record-keeping. Prior to registration, Dr. Zurmati shall submit to the Board a syllabus or course outline and receive approval from the Board for said course. Such requests for approval shall be submitted to the Board at least fifteen (15) days before the beginning of said course. These continuing education hours shall be completed through face-to-face, interactive sessions (i.e., no home study, journal or Internet courses). Further, Dr. Zurmati shall submit documentation to the Board of satisfactory completion of the course. This course shall be in addition to the fifteen (15) continuing education hours required for renewal of his license.

Any violation of the foregoing terms and conditions of this Order or any statute or regulation governing the practice of dentistry in the Commonwealth of Virginia shall constitute grounds for the suspension or revocation of the license of Farid A. Zurmati, D.D.S. and an administrative proceeding shall be convened to determine whether Dr. Zurmati's license to practice dentistry in the Commonwealth shall be suspended or revoked.

Order – Farid A. Zurmati, D.D.S.
Page 5 of 6

Pursuant to § 2.2-4023 and § 54.1-2400.2 of the Code of Virginia (1950), as amended, the signed original of the Order shall remain in the custody of the Department of Health Professions as a public record and shall be made available for public release, inspection and copying upon request.

As provided by Rule 2A:2 of the Supreme Court of Virginia, Farid A. Zurmati, D.D.S., has thirty (30) days from the date of service (the date he actually received this decision or the date it was mailed to him, whichever occurred first) within which to appeal this decision by filing a Notice of Appeal with Sandra K. Reen, Executive Director, Virginia Board of Dentistry, 6603 West Broad Street, 5th Floor, Richmond, Virginia 23230-1712. In the event that this decision is served by mail, three days are added to that period.

FOR THE BOARD:

Sandra K. Reen
Executive Director
Virginia Board of Dentistry

ENTERED: 8-11-06

Order – Farid A. Zurmati, D.D.S.
Page 6 of 6

## Certificate of Service

I hereby certify that a true copy of the foregoing Order was mailed this day to Farid A. Zurmati, D.D.S., at 5960 Kingstowne Center Boulevard, Suite #140, Alexandria, Virginia 22315, and August McCarthy, Esquire, at 8229 Boone Boulevard, Suite 310, Vienna, Virginia 22182.

Sandra K. Reen
Executive Director
Board of Dentistry

8-11-06
DATE