IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FARID A. ZURMATI, D.D.S. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:08cv277 |
| | ) |
| WILLIAM C. GARRETT, | ) |
| | ) |
| HOWARD M. CASWAY, | ) |
| | ) |
| DR. PAUL N. ZIMMET, | ) |
| | ) |
| DR. HOWARD SEIGEL, | ) |
| | ) |
| JACQUELINE G. PACE, | ) |
| | ) |
| SANDRA K. REEN, | ) |
| | ) |
| And | ) |
| | ) |
| JAMES L. BANNING | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, William C. Garrett ("Garrett"), Howard M. Casway ("Casway"), Dr. Paul N. Zimmet ("Zimmet"), Dr. Harold Siegel ("Siegel")[1], Jacqueline G. Pace ("Pace"), Sandra K. Reen ("Reen") and James L. Banning ("Banning"), by counsel, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submit the following memorandum in support of defendants' motion to dismiss in response to the complaint filed by Farid A. Zurmati ("plaintiff").

---

[1] For purposes of clarification, Dr. Seigel notes that his name is Harold Seigel, not Howard Seigel as set forth in both the style and body of the plaintiff's complaint.

## I.     INTRODUCTION

This case arises from sanctions imposed on plaintiff by the Virginia Board of Dentistry ("Board").  Plaintiff complains that the administrative process which preceded the imposition of sanctions was not fair and unbiased.  Plaintiff avers that his civil rights were violated in the administrative process.  Specifically, plaintiff attempts to state a cause of action pursuant to 42 U.S.C. § 1983 for violation of his due process rights.  Additionally, plaintiff alleges that his First Amendment rights have been violated and Va. Code § 54.1-2706(4) is unconstitutional.

Plaintiff has named all the defendants in their official capacities as state employees or actors.  Two defendants, Garrett and Zimmet, have also been named in their individual capacity.

## II.     FACTS

Zurmati is a dentist licensed to practice in Virginia.  In September of 2004 a complaint was filed against him with the Board of Dentistry alleging several violations.  Compl. ¶ 18. Another complaint was filed against Zurmati in December of 2004.  Compl. ¶ 19.  A special conference committee composed of two members of the Board conducted an informal hearing in December of 2005. Zurmati appealed the committee's findings and sanctions.  A *de novo* formal hearing was held on July 16th and August 5th of 2006 before the Board.  Compl. ¶ 25.  Defendant Garrett, an assistant attorney general, prosecuted the case against Zurmati on behalf of the Commonwealth.  Garrett handled the prosecution up until the formal hearing.  Compl. ¶ 22. Defendant Casway gave legal advice to the Board throughout the process.  *Id*.  Defendants Zimmet, Seigel, Pace, Reen and Banning are all members or employees of the Board.  The Board entered an order on August 11, 2006 detailing its findings.  Compl. ¶ 26.  Zurmati appealed the Board's order to Fairfax Circuit Court.  Compl. ¶ 27.  In April of 2007 a hearing was held in Fairfax Circuit Court.  *Id*.  The circuit court judge reversed the Board's order in part and

affirmed the order in part. *Id.* Zurmati appealed the circuit court's order to the Court of Appeals of Virginia. *Id.*

### III.    STANDARD OF REVIEW

**A.    Fed. R. Civ. P. 12(b) (1)**

Rule 12(b) (1) of the Federal Rules of Civil Procedure "permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). The burden of proving subject matter jurisdiction is on the plaintiff, the party seeking to invoke the court's jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction. *Id.* First, the defendant may assert that the complaint fails to allege facts which support the exercise of subject matter jurisdiction. In this situation, all the facts alleged in the complaint are deemed to be true for purposes of the motion. *Id.* Second, a defendant may contend that the jurisdictional allegations in the complaint are not true. *Id.* This argument allows a court to go beyond the allegations of the complaint. *Id.* The court "weighs the pleadings and all of the other evidence to determine whether subject matter jurisdiction exists." *Allen*, 245 F. Supp. 2d at 783 (internal citations omitted). A trial court may consider evidence outside of the complaint without converting the motion into a motion for summary judgment. *Adams*, 697 F. 2d at 1219.

**B.    Fed. R. Civ. P. 12(b) (6)**

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (6). "The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Allen*, 245 F. Supp. 2d at 783.

Considering the complaint and its allegations in the light most favorable to the non-moving party, a court must grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "While a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 1964-65.

## IV.   ARGUMENT

The plaintiff's complaint should be dismissed with prejudice because this Court has no subject matter jurisdiction pursuant to (1) *Younger* abstention, (2) quasi-judicial immunity, (3) the Eleventh Amendment, (4) qualified immunity, and (5) the *Rooker-Feldman* Doctrine. Assuming this Court has subject matter jurisdiction, the complaint must be dismissed for failure to state a cause of action upon which relief may be granted.

**A.      The Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction.**

"[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  This Court lacks subject matter jurisdiction over the instant action pursuant to abstention and the *Rooker-Feldman* doctrine.  Further, the state defendants are immune from plaintiff's claims.  Thus, the complaint should be dismissed with prejudice.

### 1.      This Court Lacks Jurisdiction To Hear Zurmati's Claims Under The Abstention Doctrine

Under the abstention doctrine announced by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction over matters relating to pending state court proceedings.  The *Younger* doctrine was initially developed in

criminal cases and later extended to state civil and administrative proceedings.  *See, e.g.,*
*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (finding that the district court should have
refused to exercise jurisdiction since it would interfere with the state court's appellate process);
*Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (holding
that federal courts should abstain from interfering with ongoing disciplinary proceedings within
the jurisdiction of the state supreme court).

Generally speaking, the *Younger* doctrine requires federal courts to abstain from asserting
jurisdiction over cases involving state proceedings in which important state interests are at stake.
*Id.*   A three-part test has been developed by the courts to determine the applicability of the
*Younger* doctrine to a particular case; thus, there must be (1) an ongoing state court proceeding;
(2) the proceeding must implicate important state interests; and (3) the proceeding must offer an
adequate opportunity for presentation of the constitutional claims.  *See Middlesex County Ethics
Committee v. Garden State Bar Ass'n, supra*; *Ohio Civil Rights Comm'n v. Dayton Christian
Sch., Inc.*, 477 U.S. 619 (1986).

In this case, Zurmati seeks to have the administrative actions brought against him
dismissed and the actions of the Board presiding over the matter enjoined through this Court
rather than resolving the issue through the existing state court process.  Under the *Younger*
abstention doctrine, this Court should abstain from exercising subject matter jurisdiction and
should require Zurmati to proceed in state court.  This case clearly meets the three part test under
*Younger*.

First, the complaint states that this matter is still pending in state court.  Compl. ¶ 27.
After a formal hearing the matter was appealed from the Board to the Fairfax Circuit Court and
eventually to the Court of Appeals.  There is also a complaint pending in Fairfax Circuit Court in

which the plaintiff seeks an injunction against the Commonwealth and the Board.  *See* Exhibit A. There, as here, plaintiff seeks to prevent the defendants from posting information about the administrative case on the internet, order removal of already posted information from the internet and prohibit the Board from contacting his employer.   The requests in the Fairfax Circuit Court and this case virtually mirror each other.  That matter is still pending in Fairfax Circuit Court.

Second, the state has a compelling interest in regulating the level of dental care provided. *See Phillips v. Virginia Bd. of Medicine*, 749 F. Supp. 715 (E.D.Va. 1990). "That the State may regulate the practice of dentistry… and to that end may require licenses and establish supervision by an administrative board is not open to dispute.  The State must thus afford protection against ignorance, incapacity, and imposition." *Semler v. Oregon State Bd. Of Dental Examiners,* 294 U.S. 608. 611 (1935).

Finally, the appellate review provided by Va. Code § 2.2-4026 and § 2.2-4027 allows the state court to adequately consider constitutional issues that may have arisen in the prosecution of the administrative action. Specifically, Va. Code § 2.2-4027 provides that an issue of law to be considered by the court on appeal is "accordance with a constitutional right."   Therefore, the circuit court can look at this issue and that court's decision can be appealed to the Court of Appeals, which is what this plaintiff has done.   In addition, a request for an injunction is currently pending in Fairfax Circuit Court. The plaintiff originally chose to proceed in state court when seeking an injunction and should not be allowed to try the same issue in two different courts. This Court should not interfere with the authority of the state courts by exercising jurisdiction in this case.

2.       **The Defendants Are Absolutely Immune From This Action Under The Principle Of Quasi-Judicial Immunity**

"Agency officials who perform quasi-judicial functions are entitled to absolute immunity from suit." *Richter v. Connor*, 1994 U.S. App. LEXIS 6961, *11 (4th Cir. 1994); *See Butz v. Economu*, 438 U.S. 478, 98 S. Ct. 2894 (1978). This quasi-judicial immunity is a function of the nature of the official's duties. *Id.* There are three criteria in determining whether an official is entitled to quasi-judicial immunity: 1) if the official's functions are similar to those of a judge in that they involve determining the facts and law of the case; 2) if the official makes decisions that are sufficiently controversial they are likely to foster suits for damages by disappointed parties; and 3) if sufficient procedural safeguards are in place to protect against constitutional deprivations. *Id.* at 12. Officials who initiate administrative proceedings and those who present evidence at an administrative hearing are also entitled to absolute immunity. *Id.* at 13.

This immunity protects the officials named here from suits for damages. While all of the defendants would be immune if the plaintiff sought damages from them, damages are only sought from Garrett and Zimmet.

### a.  Dr. Paul N. Zimmet

Dr. Zimmet is sued due to his position as the President of the Board of Dentistry. The plaintiff alleges that because the complainant was an employee of Dr. Zimmet's, he used undue influence to bias the administrative proceedings. These allegations arise out of Zimmet's role as a member of the Board sitting in its quasi-judicial capacity. The decisions of the Board are subject to controversy by disappointed parties so as to create a risk of a civil lawsuit. There are procedural safeguards in place in the Virginia Administrative Process Act. Therefore, absolute immunity applies. "Absolute immunity prevents an aggrieved party from bringing an action against a quasi-judicial official even if the official fails to perform his duties properly." *Id.* at *

16.  As a quasi-judicial official Zimmet is "immune notwithstanding any purportedly inappropriate actions." *Id.*

### b.  William C. Garrett

Assistant Attorney General Garrett prosecuted the case against Dr. Zurmati.  Comp. ¶ 22. He did so pursuant to Va. Code §2.2-509 and §2.2-507.  It is alleged that he offered the "Source" as a witness, contacted patients regarding billing, subpoenaed the plaintiff's wife to testify at the formal hearing, made allegations regarding billing practices throughout the process and intervened in a civil suit filed by the plaintiff.  All of these alleged actions were prosecutorial activities.  They dealt with Garrett's preparation to present the case to the Board.  The prosecution of a case starts with the allegation of a wrongdoing. Witness interviews and subpoenaing witnesses are an integral step in the prosecution of a case.  Garrett filed the motion to intervene in the civil suit on behalf of the Commonwealth. It was necessary for Garrett to do so to prevent the plaintiff from circumventing the discovery rules in the administrative case. Garrett cannot be sued "for any involvement in bringing the charges … or for misconduct that may have occurred during the hearing." *Id.* at *21.  Therefore, Garrett cannot be held liable for his actions in this matter.

### 3.  This Court Lacks Jurisdiction Over Zurmati's Claims Against Garrett And Zimmet Under The Eleventh Amendment

Plaintiff's claims against defendants Garrett and Zimmet are barred by the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.

It is well-settled that the Eleventh Amendment precludes lawsuits in federal court against states and state agencies. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (suit against state agency is barred by the Eleventh Amendment).

Furthermore, Eleventh Amendment immunity extends to state officials who are sued for damages in their official capacity, since such actions merely constitute suits against the state. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Zurmati sues all of the defendants in their official capacities and seeks damages from Garrett and Zimmet. Garrett was sued as an Assistant Attorney General and Zimmet as President of the Virginia Board of Dentistry. This Court is without jurisdiction to hear Zurmati's claims for money damages against these defendants in their official capacity and these claims should be dismissed.

### 4.   Garrett And Zimmet Are Immune From Suit Pursuant To Qualified Immunity

Garrett and Zimmet are immune from Plaintiff's suit for money damages on the basis of qualified immunity.[2]   Qualified immunity shields public officers performing discretionary functions "from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Hope v. Pelzer* at 752 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). It is "an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity

---

[2]   Qualified immunity would protect all of the defendants if they were sued for damages, but the plaintiff only seeks damages from Garrett and Zimmet.

from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (internal quotations and citations omitted).

In order to determine the issue of qualified immunity, a court must first ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier* at 201. If a violation occurred, "the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope*, 536 U.S. at 739.

Here, plaintiff makes conclusory allegations that during the course of the administrative proceedings Zimmet violated his Fourteenth Amendment due process rights. This is based solely on the fact that a complainant worked for Zimmet at the time she filed her complaint. Compl. ¶ 29. The plaintiff alleges this caused a bias.

In order to make a claim for unconstitutional bias, the plaintiff must overcome a presumption of honesty. *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995). Bias is shown where a "decision maker has a substantial pecuniary interest or competitive interest in the decision before him." *Braswell v. Haywood Regional Medical Center*, 352 F. Supp. 2d 639, 645 (W.D.N.C. 2005). "The existence of a working relationship in and of itself does not demonstrate or presume personal bias or prejudice." *United States v. Sundrud*, 397 F. Supp. 2d 1230, 1236 (C.D.Ca. 2005) (not necessary for a judge to recuse himself in criminal trial of defendant accused of hurting court security). The allegation that the complainant worked for Zimmet is not enough to establish bias. Plaintiff has not alleged that Zimmet had an interest in the investigation that

rises to the level of bias so as to violate a clearly established constitutional right.   Therefore, a clearly established constitutional right has not been violated and Zimmet is protected by qualified immunity in both his official capacity and as an individual defendant.

The Plaintiff also makes allegations that Garrett violated his First and Fourteenth Amendment rights.   All of the actions allegedly taken by Garrett were in his capacity as a prosecutor and Assistant Attorney General.   None of these allegations demonstrate that Garrett violated a clearly established constitutional right.   Therefore, Garrett is also protected by the doctrine of qualified immunity in both his official capacity and as an individual defendant.

### 5.   To The Extent The Complaint Seeks Review Of A State Court Judgment, It Should Be Dismissed Pursuant To The Rooker-Feldman Doctrine

To the extent that the plaintiff challenges final state court proceedings, the federal district courts do not have jurisdiction to review final decisions rendered by a state court, by virtue of what has become known as the *Rooker-Feldman* doctrine.   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).   As the Supreme Court has explained, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Allstate Ins. Co. v. West Virginia State Bar,* 233 F.3d 813, 817 (4th Cir. 2000); *Leonard v. Suthard,* 927 F.2d 168, 169-70 (4th Cir. 1991).

The *Rooker-Feldman* doctrine applies not only to those federal claims actually litigated in state court, it also applies to those claims which are "inextricably intertwined" with the state court's decision.    *Feldman*, 460 U.S. at 482, n.16; 486-87; *Guess v. Board of Medical Examiners*, 967 F.2d 998, 1002-03 (4th Cir. 1992).   If the federal claims require the district court to essentially review the state court decision, the claim is jurisdictionally barred. *Leonard*, 927

F.2d at 169-70. Regardless of whether the state court explicitly comments on federal, including constitutional, challenges, jurisdiction is improper where such claims necessarily were decided by the adjudication of the state action. *Allstate,* 233 F.3d at 816.

Simply put, the plaintiff is complaining about the Commonwealth's disciplinary process for dentists. This Court is without jurisdiction to entertain his claims against officials of the Board and the Attorney General's office in effectuating that process. These are issues that have already been reviewed by state courts. The plaintiff even specifically requests this Court to dismiss the administrative cases brought against him which is an issue squarely in front of the state courts. Compl. Prayer for Relief ¶ 2. Accordingly, this entire lawsuit must be dismissed, with prejudice.

**B.     The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted**

Assuming *arguendo* this Court has subject matter jurisdiction and plaintiff's claims are not barred by the defendants' immunity, the complaint should be dismissed for failure to state a claim.

**1.     Plaintiff's § 1983 Claim Against The Defendants In Their Official Capacity Is Barred**

The complaint should be dismissed for failure to state a claim against all of the defendants in their official capacities, as none are "persons" amenable to suit under 42 U.S.C. § 1983. A claim brought pursuant to § 1983 requires the deprivation of a civil right by a "person" acting under color of state law. *See Will v. Michigan Dep't. of State Police*, 491 U.S. at 70-71. "It is now well-settled that a state cannot be sued under Section 1983." *Id.* In addition, a state official, acting in his or her official capacity, is not a "person" for the purposes of the statute. *See id.* ("neither a State nor its officials acting in their official capacities are 'persons' under §

1983"). As a result, plaintiff's § 1983 claim against all of the defendants in their official capacity must be dismissed with prejudice as a matter of law.

### 2. The Complaint Fails To State A Claim Under 42 U.S.C. § 1983 For Violation Of Procedural Due Process

The Due Process Clause requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *see also Etheridge v. Medical Ctr. Hospitals*, 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989). Thus, to state a claim for deprivation of due process, a plaintiff must demonstrate (1) a liberty or property interest (2) of which the government deprived him (3) without due process. *See Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 826 (4th Cir. 1995).

Even assuming plaintiff was deprived of a liberty or property interest, it is clear from the complaint that he had notice and opportunity to be heard on multiple occasions. A "constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). The court must look at all of the processes provided by the state both predeprivation and postdeprivation in determining whether a procedural due process violation occurred. *Tri-County Paving, Inc. v. Ashe County*, 281 F.3d 430, 436 (4th Cir. 2002) (citations omitted).

The essential requirements of the Due Process Clause are notice and an opportunity to respond, either in person or in writing, with reasons why the proposed action should not be taken. *See Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The complaint refers to an informal hearing, a formal hearing, an appeal to the circuit court and an appeal to the Court of Appeals. *See* Compl. The allegations of a violation of due process range from the

13

scope of cross-examination was too limited to publication of unproven allegations on a public website. However, these do not rise to the level of a constitutional due process violation. In addition, there is no allegation that the plaintiff was denied his right to appeal or that his due process rights were violated by any of the defendants on appeal. *See Pippen v. Scales,* 822 F. Supp. 305, 310 (M.D.N.C. 1993) (due process clearly satisfied where plaintiff given notice, evidentiary hearing was conducted and plaintiff had opportunity to appeal.) Plaintiff was clearly given notice and multiple hearings as required by due process.

Due to plaintiff's failure to allege and plead facts supporting a procedural due process violation, to the extent plaintiff asserts such a violation, his claim must be dismissed.

3. **The Complaint Fails To State A Claim Under 42 U.S.C. § 1983 For Violation Of Substantive Due Process**

Substantive due process guarantees an individual protection from arbitrary government action; however, in order to establish a violation, a plaintiff must prove conduct so arbitrary and egregious as to "shock the conscience". *County of Sacramento v. Lewis*, 523 U.S. 833, 845-47 (1998); *Temkin v. Frederick County Commissioners*, 945 F.2d 716, 720 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992). In other words, the conduct must amount to "a brutal and inhumane abuse of official power [that is] literally shocking to the conscience." *Temkin* at 720 (internal quotations omitted).

Plaintiff has not adequately pled a substantive due process violation. The facts as alleged relate to the defendants and their roles in the administrative process. Even if true, the allegations do not demonstrate conduct that "shocks the conscience." As a result of plaintiff's failure to allege and plead facts supporting a substantive due process violation, his claim must be dismissed.

14

4.      **Plaintiff's First Amendment Rights Were Not Violated**

In order to establish a violation of his First Amendment rights, plaintiff alleges "this unlawful intervention into Dr. Zurmati's private civil suit denied the liberty guaranteed to Dr. Zurmati under the First Amendment."  Compl. ¶ 40.  There is no further explanation in the complaint of how plaintiff's First Amendment rights were violated.

A party that has an interest in a lawsuit but has not been made a party to it has the right to file a motion to intervene. Rule of Va. Sup. Ct. 3:14.  Clearly the litigation of a motion to intervene is not equivalent to a violation of a constitutional right. The plaintiff does not allege how Garrett's intervention in the lawsuit on behalf of the Commonwealth violated his First Amendment rights.  Therefore, this is nothing more than a conclusory allegation that is not sufficient to state a claim.

5.      **Va. Code § 54.1-2706 (4) Is Constitutional**

Plaintiff alleges

Va. Code §54.1-2706(4) is unconstitutionally vague…It is impossible for any practitioner to anticipate just what conduct would constitute a violation of this provision.  The vagueness of the statute makes the Board all but unaccountable for its findings, allows the Board to find a violation in almost any conduct…Indeed, that is precisely what the Board did in its August 11, 2006 Order.  The Order contained allegations of certain conduct, but no rationale for the Conclusion of Law contained in the Order, and no connection between the conduct and the statute the Board alleged Dr. Zurmati violated.

Compl. ¶36.

A statute is unconstitutionally vague if it (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Giovanni Carandola, Ltd. v. Fox*, 470 F.3d 1074, 1079 (4th Cir. 2006).  "A court must ask whether the statutory prohibitions are set out in terms that the ordinary person exercising ordinary common sense can sufficiently

understand and comply with." *Id.* Significantly, "perfect clarity and precise guidance have never been required." *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972) ("Condemned to the use of words, we can never expect mathematical certainty from our language"). "[A] federal court should not extend its invalidation of a statute further than necessary to dispose of the case before it." *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 502 (1985).

The section of Va. Code §54.1-2706(4) that the Plaintiff challenges prevents "[a]ny unprofessional conduct likely to defraud or to deceive the public or patients." This is sufficiently clear so that people of ordinary intelligence understand what it means. It also does not provide arbitrary enforcement. The concepts of "unprofessional" conduct, "defraud" and "deceive" are widely understood concepts that sufficiently guide both the dentist subject to the statute and the Board enforcing it.

### 6.  Plaintiff's Claims For Injunctive Relief Fail As A Matter Of Law

A plaintiff seeking an injunction must demonstrate that: "(1) it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved." *Ebay, Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The plaintiff has not sufficiently plead allegations to meet this standard. There is no showing of an irreparable injury- the plaintiff is still practicing dentistry. *See* Compl. ¶ 46. There is also no allegation that the remedies available at law are inadequate. While the plaintiff alleges various wrongdoings, the hardships alleged are those suffered by anyone going through the administrative process. To enjoin the defendants here would open the door for the same thing

to happen in many other cases, crippling the administrative process.  Finally, the public interest would be disserved by the plaintiff's request.  It is in the public's interest to keep the disciplinary process open and to keep records available to the public.  This allows the public to do research and draw conclusions on who it believes can provide quality dental care.  Therefore, the plaintiff has not stated a claim for which an injunction can be granted.

## IV.  CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants, William C. Garrett, Howard M. Casway, Dr. Paul N. Zimmet, Dr. Harold Siegel, Jacqueline G. Pace, Sandra K. Reen, and James L. Banning respectfully request that this Court grant their motion to dismiss, dismiss the complaint in its entirety and with prejudice, and grant such other relief as this Court deems just and appropriate.

Respectfully submitted,

**WILLIAM C. GARRETT, HOWARD M. CASWAY, DR. PAUL N. ZIMMET, DR. HOWARD (HAROLD) SEIGEL, JACQUELINE G. PACE, SANDRA K. REEN, AND JAMES L. BANNING**

By:  _____ /s/_____
Christy Warrington Monolo
Virginia Bar Number: 47512
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
Telephone: (804) 692-0129
Fax: (804) 371-2087
E-mail: cmonolo@oag.state.va.us
Counsel for state defendants

Robert F. McDonnell
Attorney General of Virginia

William C. Mims
Chief Deputy Attorney General

Maureen Riley Matsen
Deputy Attorney General

Peter R. Messitt
Senior Assistant Attorney General

* Christy W. Monolo  (VSB No. 47512)
Assistant Attorney General

Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
Telephone:  (804) 692-0129
Facsimile:  (804) 371-2087

*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of June 2008, I will electronically file the foregoing with the clerk of the court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

August McCarthy, Esq.
86 East Lee St.
Warrenton, Virginia 20186
**Counsel for Plaintiff**

By:      _____/s/_____
Christy W. Monolo
Virginia Bar Number: 47512
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
Telephone: (804) 692-0129
Fax: (804) 371-2087
E-mail: cmonolo@oag.state.va.us
Counsel for state defendants

18